UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WHITNEY MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:24-cv-00003 |
| | ) |
| CROWN SERVICES, INC. OF INDIANA | ) |
| d/b/a CROWN STAFFING, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Whitney Morris (hereinafter "Morris"), by counsel, for her cause of action against Defendant, Crown Services, Inc. of Indiana d/b/a Crown Staffing (hereinafter "Defendant"), alleges and states as follows:

### I. NATURE OF THE CASE.

1. Morris brings this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 28 *et. seq.* ("FMLA").

### II. PARTIES.

2. Morris, at all times relevant to this action, resided in the Southern District of Indiana.

3. Defendant is a foreign for-profit corporation doing business within the Southern District of Indiana.

### III. JURISDICTION.

4. This Court has jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2).

5. Morris was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2)(A), and an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4)(A) and 42 U.S.C. § 12111(5).

7. Morris is a "qualified individual" with a "disability" as those terms are defined by 42 U.S.C. §§ 12111(8) and 12102(1), respectively.

8. Morris satisfied her obligation to exhaust her administrative remedies by timely filing Charge Number 470-2023-03684 with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination on the basis of disability and retaliation.  Morris received her *Dismissal and Notice of Rights* and timely filed this Complaint within ninety (90) days of receipt thereof.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all events, transactions, and occurrences concerning this matter have arisen in the geographical environs of the Southern District of Indiana.

### IV. FACTUAL AND LEGAL ALLEGATIONS.

10. Defendant hired Morris on or about October 18, 2021 as a Recruiter.  On or around May 2022, Defendant promoted Morris to Head Coordinator, which was the position she held throughout the remainder of her employment with Defendant.

11. At all times relevant, Morris met or exceeded Defendant's legitimate performance expectations.

12. Morris suffers from severe gout and is a qualified individual with a disability, has a record of disability, and/or is regarded as disabled by Defendant. Nonetheless, Morris can perform all the essential functions of her position with or without accommodation. Morris' disability substantially limits her major life activity of walking, among other things.

13. Morris has a handicapped parking tag. Defendant's place of business is in a strip mall with no handicapped parking spaces near enough to Defendant's entrance. Throughout her employment, Morris parked in front of Defendant's office door, or as near as she could, because she is unable to walk even short distances.

14. On or about May 3, 2023, Ryan Atwell, Defendant's VP of Sales, asked about whose cars were parked in front of the office. Morris responded that one of the cars was hers. Atwell informed Morris that it was a pet peeve of his and ordered her not to park in front of the office. Morris explained to Atwell that she had a handicap tag, to which Atwell replied, "Is that a handicap spot? No."

15. Atwell instructed Morris to park in the handicap spot that was substantially farther from Defendant's office and asked why she needed a handicap tag. Morris explained that she could not walk very far and parking farther away would not help her. Atwell stated that he would "think" about letting her park close to the office.

16. On May 4 and May 5, 2023, Morris phoned Rebecca Scarphin, Human Resources, to speak with her regarding the May 3, 2023 parking incident. Unable to reach Scarphin, Morris left voice messages for Scarphin to return her call. Scarphin did not return Morris' calls or otherwise reach out to her.

4

17. On Sunday, May 7, 2023, Morris notified Stephanie Czajia, Defendant's Operations Manager, that she needed to be off work on Monday, May 8 because of her own serious health condition, to which Czajia responded, "Ok no problem feels better."

18. On Monday, May 8, 2023, Morris informed Czajia that she had been referred to an orthopedic surgeon due to her serious health condition and that she would need to be off additional days.   Czajia inquired as to how long Morris would be out and informed her that, "To use FFL need a note taking you off work and the date of your return."   Czajia the asked, "Do you think you will be out all week?"   Morris informed Czajia that she would be out all week and texted her a copy of a note from her health care provider that she needed to be off work through May 12, 2023.

19. Morris' request for a short, finite medical leave due to her disability, qualifies as a request for a reasonable accommodation under the ADA.

20. Morris' request for a short, finite medical leave due to her serious health condition, qualifies as a request for leave pursuant to the FMLA.

21. After notifying Czajia of her need for one week of medical leave, Czajia responded, "On the other line.   Call right back."   When Morris finally spoke with Czajia, Czajia first began to explain how to utilize sick time under Defendant's policies.   However, in the same phone call, Czajia inexplicably informed Morris that, "for the new direction Crown's going, you're no longer needed."

5

22. Defendant terminated Morris because of her disability, her record of a disability, and/or its perception of her being disabled, and/or her statutorily protected conduct under the FMLA and the ADA.

## COUNT I – ADA DISCRIMINATION

23. Morris incorporates paragraphs 1 through 22 of her Complaint as if they were set forth at length herein

24. Defendant took adverse employment actions against Morris based on her disability, her record of a disability, and/or its perception of her being disabled.

25. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Morris' rights as protected by the ADA.

## COUNT II – ADA RETALIATION

26. Morris hereby incorporates paragraphs 1 through 25 of her Complaint as if they were set forth at length herein.

27. Defendant retaliated against Morris for requesting an accommodation for her disabling condition. Defendant's retaliation is in violation of Morris' rights under 42 U.S.C. § 12203(a) of the ADA.

28. Defendant took adverse employment actions against Morris because of her ADA requests and statutorily protected complaints.

29. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by the ADA.

## COUNT III - FMLA RETALIATION

30. Morris hereby incorporates paragraphs 1 through 29 of her Complaint as if they were set forth at length herein.

31. Defendant took adverse employment actions against Morris because of her FMLA requests and qualifying leaves.

32. Defendant retaliated against Morris for requesting FMLA.

33. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's FMLA rights.

## COUNT IV – FMLA INTERFERENCE

34. Morris hereby incorporates paragraphs 1 through 33 of her Complaint as if they were set forth at length herein.

35. Morris was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2)(A).

36. Morris requested and was entitled to leave pursuant to 29 U.S.C. § 2612(a)(1)(D) due to her own serious health condition as defined by 29 U.S.C. § 2611(11).

37. Defendant failed and/or refused to grant Morris FMLA leave and instead terminated her employment.

38. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's FMLA rights.

## VI. REQUESTED RELIEF.

WHEREFORE, Plaintiff, Whitney Morris, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All wages, benefits, compensation, and other monetary relief to make her whole;

2. Reinstate Morris to her position with seniority, or award Morris front pay in lieu thereof;

3. Compensatory and punitive damages;

4. Liquidated damages;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

John H. Haskin (7576-49)
Craig M. Williams (21425-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone (317) 955-9500
Facsimile (317) 955-2570
jhaskin@jhaskinlaw.com
cwilliams@jhaskinlaw.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL.

The Plaintiff, Whitney Morris, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully Submitted,

John H. Haskin (7576-49)
Craig M. Williams (21425-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone (317) 955-9500
Facsimile (317) 955-2570
jhaskin@jhaskinlaw.com
cwilliams@jhaskinlaw.com

Attorneys for Plaintiff